## EX PARTE NAZARIO.

### APPLICATION for a writ of Habeas Corpus.

No. 52.—Decided May 18, 1905.

HABEAS CORPUS—REQUISITES FOR APPLICATION.—In applications for the writ of *habeas corpus* the facts upon which the allegation of illegal imprisonment is based must be stated, as also the name of the warden or person in whose custody the prisoner is detained, and if the name of such person is not known to the petitioner he must so state and describe him, according to the provisions of section 470 of the Code of Criminal Procedure, as otherwise the application will be deemed to be insufficient.

ID.—TERM OF IMPRISONMENT GREATER THAN THAT ALLOWED BY THE LAW.—Where a petitioner has been condemned to serve a term of imprisonment greater than that allowed by the law he cannot be discharged on *habeas corpus* until he shall have served the term provided for by the law.

IMPRISONMENT FOR FAILURE TO PAY FINE AND COSTS.—The power of municipal courts to imprison a defendant for failure to pay a fine and costs is governed by the provisions of section 54 and not by the provisions of section 322 of the Code of Criminal Procedure.

The facts are stated in the opinion.

Mr. Justice MacLeary delivered the following opinion:

This application for *habeas corpus* was made to Mr. Justice MacLeary by mail, and being properly verified, is carefully considered.

The facts set forth by the applicant for this writ are not sufficient to justify its issuance, as he does not show his imprisonment to be illegal; nor does he show the date at which the imprisonment began, and even were the term he is required to serve greater than the law allows he could not be liberated on *habeas corpus* until he had served the term prescribed by the law.

From the petition there is no means of ascertaining whether he has already served such term or not. Neither does the application give the name of the warden of the jail at Ponce who holds the prisoner in his custody, and by whom he is confined or restrained; nor does it allege that he is unknown and describe him as is required by section 470 of the Code of Criminal Procedure.

It is unnecessary to set forth the law governing this case, but a reference to the opinion in the case of *Guadelupe Andino, ex parte*—Porto Rico Reports—recently decided by this court is all that is required to exhibit the principles of law applicable hereto. It will be seen from this decision that section 54 of the Code of Criminal Procedure governs the municipal court in imposing imprisonment for nonpayment of fine and costs, and not section 322 of the said Code.

For the reasons specified the writ of *habeas corpus* is

*Refused.*